O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD NICHOLAS, | ) Case No. CV 12-2124-JPR |
| Plaintiff, | ) |
| vs. | ) MEMORANDUM OPINION AND ORDER<br>) GRANTING IN PART PLAINTIFF'S<br>) COUNSEL'S PETITION FOR EAJA FEES<br>) AND COSTS |
| CAROLYN W. COLVIN, Acting<br>Commissioner of Social<br>Security, | ) |
| Defendant. | ) |

Plaintiff's counsel filed a petition for attorney's fees and costs under the Equal Access to Justice Act on November 18, 2013. The government filed opposition on December 10, 2013; Plaintiff himself has not filed any position. In his reply, Plaintiff's counsel claims entitlement to $4538.01 in attorney's fees, which includes $466.37 to prepare the reply, and $60 in costs.

### DISCUSSION

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than

1

1    cases sounding in tort), including proceedings for
2    judicial review of agency action, brought by or against
3    the United States in any court having jurisdiction of
4    that action, unless the court finds that the position of
5    the United States was substantially justified or that
6    special circumstances make an award unjust.

7    28 U.S.C. § 2412(d)(1)(A).

8    An application for fees and other expenses must be submitted
9    to the Court within 30 days of final judgment.  See
10   § 2412(d)(1)(B).  The government does not contend that
11   Plaintiff's counsel's request is untimely or challenge
12   Plaintiff's status as a prevailing party.  Nor does the
13   government argue that special circumstances here make an EAJA
14   award unjust.  Finally, the government does not contest the
15   hourly rates Plaintiff's counsel has applied.  Instead, the
16   government argues that his EAJA request should be denied in its
17   entirety because the government's position was substantially
18   justified.  Alternatively, the government contends that if the
19   Court decides to award EAJA fees and costs, the requested amount
20   should be reduced because it is unreasonable.  Finally, the
21   government asserts that if fees are awarded, they must be made
22   payable to Plaintiff and not his attorney.

23   **A.    The Government's position was not substantially justified**

24   The term "position" as used in the EAJA applies to the
25   underlying agency action and the government's arguments during
26   litigation.  See Andrew v. Bowen, 837 F.2d 875, 878 (9th Cir.
27   1988).  Although the burden is on the government to prove
28   substantial justification, Barry v. Bowen, 825 F.2d 1324, 1330

2

(9th Cir. 1987), <u>abrogation on other grounds recognized by</u> <u>In re Slimick</u>, 928 F.2d 304, 310 n.8 (9th Cir. 1990), Congress has made clear that no presumption exists that the government's position was not substantially justified merely because it lost the case. <u>See</u> <u>United States v. Marolf</u>, 277 F.3d 1156, 1162 (9th Cir. 2002); <u>Kali v. Bowen</u>, 854 F.2d 329, 334 (9th Cir. 1988).

In <u>Pierce v. Underwood</u>, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988), the Supreme Court held that the statutory phrase "substantially justified" does not mean "justified to a high degree." Rather, it means "justified in substance or in the main" or "justified to a degree that could satisfy a reasonable person." <u>Id.</u> The Supreme Court further held that this interpretation of the phrase was equivalent to the formula adopted by the Ninth Circuit: "a reasonable basis both in law and fact." <u>See</u> <u>id.</u>; <u>see also</u> <u>Le v. Astrue</u>, 529 F.3d 1200, 1201 (9th Cir. 2008).

The government's position was not substantially justified for the reasons set forth in the Court's prior Memorandum Opinion and Order remanding the underlying action.

The government contests the Court's finding that the case had to be remanded because the VE did not make a finding that a sufficient number of jobs existed that Plaintiff could perform, arguing that because the ALJ concluded that Plaintiff could perform his past relevant work, no such finding was necessary. (Opp'n at 3.) But the ALJ concluded that Plaintiff could perform his past relevant work <u>not</u> as actually or generally performed but as it existed at a different exertional level altogether. <u>Cf.</u> <u>Perez v. Astrue</u>, 247 F. App'x 931, 933 (9th Cir. 2007) (claimant

3

not disabled if he can perform past work either as actually or as generally performed); Valencia v. Heckler, 751 F.2d 1082, 1086 (9th Cir. 1985) ("Every occupation consists of a myriad of tasks, each involving different degrees of physical exertion.  To classify an applicant's 'past relevant work' according to the least demanding function of the claimant's past occupations is contrary to the letter and spirit of the Social Security Act."); Prieto v. Astrue, No. CV 08-2690-CT, 2008 WL 4196640, at *6 (C.D. Cal. Sept. 3, 2008) (reversing and remanding step-four finding that plaintiff could perform past relevant work when ALJ relied on job with lighter exertional level and different job duties than past relevant work).  Indeed, the ALJ specifically relied on the VE's testimony that Plaintiff had transferrable skills (AR 35), which would likely not have been necessary had he been found capable of performing his past relevant work as he actually performed it or as it was generally performed.  Thus, the ALJ was required to engage in the step-five analysis, and the government's position was not substantially justified.

The government also argues that its position that the ALJ's error in failing to consider the opinion of one doctor was harmless was substantially justified.  For the reasons detailed in the Court's underlying Memorandum Opinion, it was not. Moreover, given that "position" includes the agency's actions and the government concedes that the ALJ erred in failing to consider the doctor's report, its overall position necessarily was not substantially justified.

**B.**   **A reduction in the number of hours is not warranted, with one exception**

In <u>Commissioner, I.N.S. v. Jean</u>, 496 U.S. 154, 161, 110 S. Ct. 2316, 2320, 110 L. Ed. 2d 134 (1990), the Supreme Court made clear that the standards for an award of fees to a prevailing party set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), apply to EAJA cases.   <u>See also</u> <u>Atkins v. Apfel</u>, 154 F.3d 986, 988-89 (9th Cir. 1998).   Under <u>Hensley</u>, hours that are not "reasonably expended" or which are "excessive, redundant, or otherwise unnecessary" are not compensable.   <u>See</u> 461 U.S. at 434.   The Court has wide discretion in determining the number of <u>reasonable</u> hours claimed by the prevailing party.   <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1398 (9th Cir. 1992).   "'[T]he district court is required to articulate . . . the reasons for its findings regarding the propriety of the hours claimed or for any adjustments it makes.'"   <u>In re Smith</u>, 586 F.3d 1169, 1173-74 (9th Cir. 2009) (quoting <u>Gates</u>, 987 F.2d at 1398).

The government nitpicks some of counsel's requested fees, saying that he should have spent a half-hour less here and an hour less there.   (Opp'n at 5-6.)   The Court declines to involve itself in parsing fees to such a fine extent.   <u>See</u> <u>Costa v. Comm'r of Soc. Sec. Admin.</u>, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting that Social Security contingency-fee lawyers unlikely to inflate fees).   None of Plaintiff's counsel's requested fees are unreasonable; indeed, the government concedes that "the total number of hours billed in this case is not necessarily an unreasonable amount of time." (Opp'n at 5.)

Because the Court finds, however, as explained below, that Plaintiff's counsel's requested costs are not justified, counsel should not be compensated for the portions of the briefing seeking to justify them.  <u>See</u> <u>Jean</u>, 496 U.S. at 163 n.10.  Thus, the Court reduces the total compensable attorney hours expended by 1.5.

Accordingly, Plaintiff is awarded $4258.19 in total attorney's fees.

**C.   <u>Counsel's request for costs is denied</u>**

The government argues that counsel's request for $60 in costs should be disallowed because he has submitted no receipts justifying it and because service of the Complaint and related documents is a clerical task, for which costs are not allowed. (<u>See</u> Opp'n at 6-7.)  Counsel explains in his briefing that $13.08 of the amount was for postage (Pet. at 7) and the rest constituted a flat fee for service of process by his office (<u>id.</u> at 7-8).  But although counsel states in argument that $13.08 was for postage, which would be a recoverable cost, he has not attached a receipt, nor has he even attested to that amount in any of the numerous declarations he filed in support of his request.[1]  Thus, the Court disallows that portion of the costs sought.  As to the rest, Counsel provides no authority allowing

---

[1]Counsel asserts that "[t]he proof of service in this matter documents the total charge of $60.00 as including approximately $13.08 in charges paid to the U.S. Postal Service for certified mail."  (Reply at 7, 9.)  What the proof of service actually says is, "The charge for service including the charges for certified mail (typically $13.08) is $60.00 as costs advanced on behalf of the plaintiff in this action."  (Docket No. 8 at 1.)  This statement is not terribly intelligible, but in any event it does not even purport to show the costs actually expended in <u>this</u> case.

1 for a flat fee to cover an in-house service.  Accordingly, the

2 Court disallows the entire $60 in costs sought.

3 **D.   The EAJA award, less any offset to which the government**

4 **legally is entitled, should be paid directly to Plaintiff**

5 Under <u>Astrue v. Ratliff</u>, 560 U.S. 586, 130 S. Ct. 2521,

6 2528, 177 L. Ed. 2d 91 (2010), the awarded EAJA fees should

7 generally be paid directly to Plaintiff, not Plaintiff's counsel.

8 Further, the award should be offset by any debt Plaintiff owes

9 the government.  <u>See</u> <u>id.</u>

10 In <u>United States v. $186,416.00 in U.S. Currency</u>, 722 F.3d

11 1173, 1176 (9th Cir. 2013), the court held that a fee award was

12 properly paid to the attorney who prevailed in the underlying

13 civil forfeiture proceeding, not the plaintiff, because there was

14 an assignment from the client to the attorney.  In that case,

15 however, the government had neither raised the issue of the

16 Anti-Assignment Act, 31 U.S.C. § 3727, nor asserted any offset

17 claim.  722 F.3d at 1176 & n.1 ("The government has waived any

18 argument that the . . . assignment of the award to [counsel] was

19 invalid under the Anti-Assignment Act, 31 U.S.C. § 3727.  The

20 government only mentions the Act in its reply brief and even then

21 does not explain its application to this case." (citations

22 omitted)).

23 Here, although Plaintiff has assigned the right to receive

24 EAJA fees to his attorney (Pet. Ex. C), the Commissioner asserts

25 that she has not waived the requirements of the Anti-Assignment

26 Act and contends that Plaintiff may owe a federal debt (Opp'n at

27 7-8).  Under these circumstances, the Court declines to order

28 that the EAJA fee award be made payable to Plaintiff's counsel.

If Plaintiff does not owe a government debt, however, this Order shall not preclude payment directly to Plaintiff's counsel if the government waives the requirements of the Act.

**ORDER**

IT IS THEREFORE ORDERED AS FOLLOWS: (1) Plaintiff's counsel's EAJA Petition is granted in part and (2) Plaintiff is awarded EAJA fees in the amount of $4258.19, to be paid directly to him and offset by any debt he owes the government.

DATED:   December 26, 2013

JEAN P. ROSENBLUTH
U.S. MAGISTRATE JUDGE

8